## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

Frederick Halm
      Plaintiff,

v.

Creditors Interchange Receivable
Management, LLC
      Defendant.

**COMPLAINT**
**JURY TRIAL DEMANDED**

### JURISDICTION

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2.      This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in their illegal efforts to collect a consumer debt.

3.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### PARTIES

4.      Plaintiff Frederick Halm is a natural person who resides in the Flushing Township, County of Genesee, State of Michigan, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Creditors Interchange Receivable Management, LLC (hereinafter "Defendant") is a Pennsylvania Limited Liability Company and is, upon information and belief, a collection agency whose registered agent is The Company Corporation and whose registered agents mailing address is 30600 Telegraph Rd. Ste 2345, Bingham Farms, MI  48025 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6.      On information and belief, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes based upon purchases made on a Barclays Credit Card, that went into default and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card now with a balance of approximately $17,000.00.

7.      On information and belief, the Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

8.      Plaintiff moved from 1282 Arrowwood Lane Grand Blanc, MI  48439 to 8607 Tim Tam Trail, Flushing, MI  48433 on or about March 27, 2009, where Plaintiff currently resides with his girlfriend Jody Wright.

9.      "Nancy", a collector employed by Defendant, called Sharon Wright, Plaintiffs girlfriends' mother, several times during early July 2010.

10.      On or about July 12, 2010 at approximately 11:00 a.m., Sharon Wright answered the call from "Nancy".

11.      "Nancy" asked to speak to Frederick Halm and later asked to speak to Jody Wright.  Sharon replied that they did not live there.

12.      "Nancy" then asked Sharon for Frederick Halms' telephone number.  When Sharon replied that he did not have one, "Nancy" asked to leave a message stating that it was Nancy and she was calling regarding their property at Tim Tam Trail, that "Frederick was on the property" and that she was also calling about a newly purchased vehicle.

13.      Sharon told "Nancy" that she would give them a message.

14.      Sharon told Plaintiff and Plaintiff called "Nancy" and, on information and belief, left a message.

15.      "Nancy" then called Sharon again later that same day at 6:35pm based on the fact that Plaintiff had called Defendant.

16.      After Defendants calls to Sharon Wright, Plaintiff contacted Defendant and demanded that Defendant stop contacting any third-party.

17.      Plaintiff was embarrassed over the information revealed to Sharon Wright and the fact that Defendant indirectly communicated they were a debt collector by leaving their phone number with Sharon Wright.

18.      "Nancy" represented to Plaintiff that Jody Wright owed on the debt to Defendant. Plaintiff protested this indicating that Jody was not obligated on the debt.

19.      In replying, "Nancy" told Plaintiff that she was keeping Jody on the paperwork, that she would "serve papers" and that she would not "sign off" on Jody.

20.      Jody Wright was not a signatory on any agreement with Barclays Bank.

21.      Defendants act in providing a phone number to Plaintiffs' girlfriends' mother and asking them to give Plaintiff a message was an attempt to collect a debt through a third-party and a representation that Plaintiff owed a debt to Defendant.

22.      On Thursday July 15, 2010, Plaintiffs' attorney telephoned Defendant and left a message.

23.      On Friday July 16, 2010, Defendant returned a phone call to Plaintiffs' attorney.

24.      On Monday July 19th Defendant spoke at length with Plaintiffs' attorney about the account.

25.      On July 21, 2010 at 10:42 a.m. Defendant called Plaintiffs cell phone 810-624-0776.

26.      Defendant knew that Plaintiff was represented at the time they called Plaintiff on July 21, 2010.

27.     This was a collection communication in violation of numerous and multiple provisions of

the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(b), 1692e(5),(10),(13), and 1692b(1),

(3), and (6) amongst others.

## TRIAL BY JURY

28.     Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend.

7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION
### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

29.     Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated

herein.

30.     The foregoing acts and omissions of each and every Defendant constitute numerous and

multiple violations of the FDCPA including, but not limited to, each and every one of the above-

cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

31.     As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to

actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to

$1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs

pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT II
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

32.     Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated

herein.

33.     On information and belief, Defendant uses an automatic dialing system to make telephone calls to debtors.

34.     On information and belief, Defendants automatic dialing system has the ability to store or produce telephone numbers to be called, using a random or sequential number generator; and has the ability to dial such numbers.

35.     Defendant did not have Plaintiffs' prior express consent to make calls to his cellular phone using an automatic telephone dialing system when it called him.

36.     On information and belief, Plaintiff did not list his cell phone number on the application for credit with Barclays' Bank.

37.     Defendant acted willfully in making the calls to Plaintiffs cell phone.

38.     Defendant acted knowingly in making the calls to Plaintiffs' cell phone.

37.     Defendant violated 47 U.S.C. §227 (b)(1)(A)(iii) and is liable to Plaintiff for at least the statutory amount of $500.00, up to $1,500.00, for each and every call to Plaintiffs' cell phone.

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

- for such other and further relief as may be just and proper.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

- for a finding that Defendants acts were willful;

- for a finding that Defendants acts were knowing;

- for an award of damages available under 47 U.S.C. §227 (b)(1)(A)(iii) for each and every call to Plaintiffs' cell phone against Defendant and for Plaintiff in an amount this Court determines is reasonable based upon the statue and a finding of whether the calls were made willfully or knowingly;

- for such other and further relief as may be just and proper.

### JURY TRIAL DEMAND

A Jury Trial is hereby demanded.

Respectfully submitted,
*Andrew L. Campbell*

Dated: July 22, 2010

Andrew L. Campbell
653 S. Saginaw Street, Suite 201
Flint, MI  48502
(810) 232-4344
hundy24@yahoo.com
P64391
Attorney for Plaintiff

## <u>VERIFICATION OF COMPLAINT AND CERTIFICATION</u>

STATE OF MICHIGAN          )
                           ) ss
COUNTY OF GENESEE          )

Plaintiff Frederick Halm, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Dated: July **22**, 2010

Frederick Halm, affiant

Subscribed and sworn to before me on
July 22 2010
/s/ _Debra Michele Mudge_

Notary public, State of Michigan,
County of _Genesee_
My commission _10-21-2012_
Acting in the County of_____

DEBRA MICHELE MUDGE
Notary Public, State of Michigan
County of Genesee
My Commission Expires 10-21-2012
Acting in the county of_____